FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

AUG 13 2010

JAMES N. HATTEN, Clerk
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEVON ANTHONY MORRISON, GDC ID # 1167711, Plaintiff, | :: | CIVIL ACTION NO. 1:10-CV-01174-TWT |
| v. | :: | |
| | :: | PRISONER CIVIL ACTION |
| THE STATE OF GEORGIA, et al., Defendants. | :: | |

**ORDER AND OPINION**

Plaintiff, Devon Anthony Morrison, an inmate at Coastal State Prison in Garden City, Georgia, has submitted this *pro se* civil action and has paid the filing fee in full. The matter is now before the Court for an initial screening.

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success" – for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity

justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted).

Morrison seeks relief under the Anti-Injunction Act, 28 U.S.C. § 2283, to "stay all state court proceedings against him," and asks that "the jurisdiction of any other [criminal] matters be transfer[r]ed to the jurisdiction of this honorable federal court." (Compl. at 1-2.) Morrison claims that his rights under the Fourteenth and Eighth Amendments and the "Geneva Convention Act" are jeopardized by "certain court judicial officials who are conspiring to violate" these rights. (Id. at 2-3.)

Morrison states that he was convicted in Cherokee County Superior Court of aggravated assault, under the Family Violence Act, and sentenced on March 10, 2009, to serve in prison ten years of a twenty-year sentence (which he is now serving at Coastal State Prison). On March 10, 2010, he was returned to Cherokee County and charged in a bench warrant, dated March 18, 2010, with possessing more than one ounce of marijuana. Morrison claims this warrant "was a form of harassment and bad faith conduct in the prosecution [of] Case No. 10CR0034" because he "has been in prison and has not violated any laws" to justify the warrant. Morrison also mentions the difficulties he has faced in attempting to obtain (1) the transcript of his aggravated assault trial, in pursuit of his *pro se* direct appeal, and (2) a final disposition on a

warrant issued on June 26, 2008, also charging him with possession of marijuana. (Id. at 3-5; see id. at 10-13.) In his complaint, dated April 13, 2010, Morrison states that he has been placed on the court calendar for a hearing on May 6, 2010, and "knows that he will be treated cruel[l]y & different than other inmates" and will not be allowed to proceed *pro se*, in violation of his constitutional rights. (Id. at 5-6.) Morrison claims that he has met Younger's extraordinary circumstances test for enjoining a state criminal proceeding. (Id. at 6.)

Morrison is wrong. A federal court may not interfere in ongoing criminal proceedings in state court except in the most extraordinary circumstances. See Younger v. Harris, 401 U.S. 37 (1971). In Younger, the Supreme Court reaffirmed "the settled doctrines that have always confined very narrowly the availability of injunctive relief against state criminal prosecutions." Id. at 53. The Supreme Court noted "the longstanding public policy" that federal courts should not intervene in an ongoing state criminal prosecution "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Id. at 43-44. Younger abstention is therefore appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding, and Morrison has not alleged any fact or circumstances suggesting that he lacks an adequate opportunity to present

AO 72A
(Rev.8/82)

his federal constitutional claims in his own criminal proceedings. See id. at 49 (noting that "a proceeding was already pending in the state court, affording [respondent] an opportunity to raise his constitutional claims" in that forum).

The Supreme Court also noted in Younger that a litigant whose alleged injury "is solely that incidental to every criminal proceeding brought lawfully and in good faith . . . is not entitled to equitable relief," which is available only in extraordinary circumstances involving "bad faith or harassment." Id. at 49-50 (internal quotations omitted). Although Morrison has alleged that he has been, or will be, subjected to such bad faith or harassing treatment, his allegations are wholly conclusory and speculative. Therefore, Younger prohibits this Court's interference in his ongoing state criminal proceedings.

Morrison's reliance on the Anti-Injunction Act is also misplaced:

> The Anti-Injunction Act directs that a court of the United States may not grant an injunction to stay proceedings in a state court except: (1) "as expressly authorized by Act of Congress"; (2) "where necessary in aid of its jurisdiction"; or (3) "to protect or effectuate its judgments." 28 U.S.C. § 2283. The Act functions as an absolute prohibition against federal court enjoinment of state court proceedings, unless the injunction falls within one of the specifically defined exceptions, and thereby prevent[s] needless friction between state and federal courts.
>
> The Supreme Court has repeatedly emphasized that the lower courts are to interpret these exceptions strictly. This is not a statute conveying a



AO 72A
(Rev.8/82)

> broad general policy for appropriate ad hoc application. Legislative policy is here expressed in a clear-cut prohibition qualified by only specifically defined exceptions. Accordingly, [p]roceedings in state court should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately the United States Supreme Court.

Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co. (In re Ford Motor Co.), 471 F.3d 1233, 1249-50 (11th Cir. 2006) (citations and internal quotations omitted). Aside from Younger, Morrison has offered no rationale for enjoining the state court criminal proceedings against him, and the Court discerns none. Moreover, as noted above, Younger does not provide a sufficient rationale for enjoining those proceedings, based on the circumstances as Morrison has presented them. See Younger, 401 U.S. at 45 (stating that "it has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions").

AO 72A
(Rev.8/82)

For the foregoing reasons, the Court finds that Morrison's complaint [1] is frivolous, and it is **DISMISSED**. See 28 U.S.C. § 1915A(b)(1). Morrison's motion for appointment of counsel [5] is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 13 day of August, 2010.

Thomas W. Thrash

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE